**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF
VIRGINIA**
Richmond Division

| | |
|---|---|
| IN RE: | Case No. 17-36405-KLP |
| GILVIA VONZELLA WILSON, | Chapter 13 |
| *Debtor* | |

THE TRUSTEES UNDER THE STAN S.
CUTLER REVOCABLE TRUST AGREEMENT,
*Movant*

vs.

GILVIA VONZELLA WILSON,
*Debtor/Respondent*

And

SUZANNE E. WADE
*Trustee/Respondent*

**MOTION FOR RELIEF FROM STAY**

　　　　COMES NOW, the Movant, The Trustees Under the Stan S. Cutler Revocable Trust Agreement (the "Movant"), by counsel, and writes the following:

1.　　　The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157.

2.　　　This proceeding seeking relief under 11 U.S.C. § 362(d) is a contested matter within the meaning of Fed. R. Bankr. P. 4001 and 9014, and this court has jurisdiction over this matter pursuant to 28 U.S.C. § 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G) and (b)(2)(O).

3.　　　The Debtor, Gilvia Vonzella Wilson, filed a voluntary petition for relief on December 29, 2017 in this Court under Chapter 13 of the United States Bankruptcy Code.

4.　　　Suzanne E. Wade is the Trustee of the Debtor' bankruptcy estate.

5.　　　The Debtor owned two parcels of real estate located in the City of Petersburg, Virginia, known as 2444 County Drive and 2448 County Drive, Petersburg, Va.

6.　　　The real estate is encumbered by two Deeds of Trust. The first pertained to 2448

County Drive, Petersburg, Va. 23805. It was dated July 1, 1999. It was recorded in the City of Petersburg Circuit Court on July 2, 1999 in Deed Book 617, Page 513. The Deed of Trust is Exhibit A.

7. The original principal amount of the mortgage it secured was $123,000.0. The principal balance was $120,835.18 as of November 17, 2014. The street address was 2448 County Drive, Petersburg, Va. The legal description of the real estate which secured the Deed of Trust was;

> *All that certain lot or parcel of land, with the improvements thereon and the appurtenances thereto belonging, lying, being and situate in the City of Petersburg, Virginia, containing 2.63 Acres known as Parcels A & B, on a certain plat entitled 'PLAT OF 2444 COUNTY DRIVE, 2.63 ACRES OF LAND LOCATED ON COUNTY DRIVE, U. S. ROUTE #460 PETERSBURG, VIRGINIA FOR SAMUEL S. DUELL AND DEBORAH G. COSGROVE" dated October 15, 1987 made by Charles C. Townes & Associates, a copy of which is attached to the next hereinafter mentioned deed.*
>
> *LESS AND EXCEPT .5823 Acres as shown on plat entitled "PLAT SHOWING 0.5823 AC. PARCEL PETERSBURG, VIRGINIA FOR STAN CUTLER" dated*
> *June 6, 1995, made by George M. Whitman & Associates, conveyed to Gilvia Stith by deed dated September 20, 1995, and recorded in the Clerk's Office of the Circuit Court of the City of Petersburg, Virginia, in Deed Book 544, page 895, from Nettie L. Cutler, Trustee and Gary S. Cutler, Trustee.*
>
> *It being the same property in all respects which was conveyed to Gilvia V. Stith by deed from Nettie L. Cutler, Trustee and Gary S. Cutler, Trustee, Trustees under the Stan S. Cutler Revocable Trust Agreement dated June 30, 1999, to be recorded along with but prior to the recording of this deed of trust.*

8. The assessed value of 2448 County Drive, Petersburg, Va. was $163,800 as shown by Exhibit B.

9. The second Deed of Trust pertained to 2444 County Drive, Petersburg, Va. 23805. It was dated September 26, 1995. It was recorded in the City of Petersburg, Va. Circuit Court on September 27, 1995.in Deed Book 544, Page 898.The Deed of Trust is Exhibit C.

10. It secured the principal amount of $148,500.00. The street address of the real estate was 2444 County Drive, Petersburg, Va. 23805. Its legal address is:

> *All that certain lot or parcel of land, with the improvements thereto, and the appurtenances thereto belonging, lying, being and situate in the City of Petersburg, Virginia, containing 0.5823 Acres, and shown on a plat entitled ": PLAT SHOWING 0.5823 AC, PARCEL, PETERSBURG, VIRGINIA FOR STAN CUTLER," dated June 6, 1995, made by George Whitman & Associates, a copy of which is made for a more particular*

> *description.*
>
> *Being the same property that was conveyed to Gilvia V. Smith by deed from Nettie L. Cutler and Gary S. Cutler, Trustees, under The Stan L. Cutler Revocable Trust, said deed being dated September 26, 1995 and having been recorded contemporaneously herewith but immediately prior hereto.*

11. The assessed value of 2444 County Drive, Petersburg, Va. 23805 was $194,700, as shown as Exhibit D.

12. The principal balances of both deeds of trust are contained in the attached Exhibit E.

13. The Debtor is in default under the terms of the Notes and Deed of Trust. The Debtor has not paid the Movant according to her chapter 13 plan. The Debtor has not paid the Deeds of Trust since a partial payment was received on November, 2013.

14. The Movant has accelerated the entire balance of the Notes and Deeds of Trust, and interest continues to accrue on a daily basis.

15. The Debtor owes the Movant a total of $268,441.93 for the two mortgages. Additionally, the Debtor owes $7,142.27 for unpaid escrow. The total owed is $275,584.20. The total assessed value of the real estate was $358,500.00.

16. The Property is not necessary for an effective reorganization by the Debtor. The Debtor's petition listed a different address as her residence.

17. The Movant lacks adequate protection of its interest in the Property. The Debtor's plan did not propose adequate protection payments to the Movant. The Debtor's plan provided for the payment of the deeds of trust notes after the plan was confirmed. It has not done so.

18. The Movant has been and continues to be irreparably injured by the stay of 11 U.S.C. §362(a) of the Bankruptcy Code which prevents Movant from enforcing its rights under the Note and Deed of Trust. Cause exists for lifting the automatic stay imposed by 11 U.S.C. §362(a) of the Bankruptcy Code, to enable the Movant to enforce its rights under the terms of the Note and Deed of Trust.

**WHEREFORE**, the Movant prays that this Court:

1. Relief from the stay for all purposes allowed by law, the Note, and the Deed of Trust, and applicable law, including but not limited to allowing Movant to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property and any and all other collateral pledged under the Deed of Trust.

    a. That the 14-day stay described by Bankruptcy Rule 4001(a) (3) be waived.

    b. That relief be granted as to the Debtor pursuant to 11 U.S.C. § 362(d).

   c. Any other relief as the Court deems proper.

 Movant further requests that upon entry of an order granting relief from stay, it be exempted from further compliance with Fed. Rule Bankr. P. 3002.1 in the instant bankruptcy case.

Dated: <u>December 9, 2018</u>       Respectfully Submitted,
                 THE TRUSTEES UNDER THE STAN S.
                 CUTLER REVOCABLE TRUST AGREEMENT

                 <u>/s/ Robert L. Flax</u>
                 Robert L. Flax
                 ROBERT L. FLAX, P.C.
                 8 South Sheppard Street
                 Richmond, VA 23221
                 Tel: (804) 355-8425
                 Fax: (804) 355-9129
                 robertflax@flaxlegal.com
                 *Counsel for Movant*

## CERTIFICATE OF SERVICE

The undersigned states that on December 9, 2018, copies of the foregoing Motion for Relief from Automatic Stay were filed with the Clerk of the Court using the ECF and/or first class mail to all non-EFF participants.

Suzanne E. Wade, Trustee
P.O. Box 1780
Richmond, VA 23218-1780

Eamonn Bates Foster, Esquire
Woehrle Dahlberg Jones Yao, PPLC
1900 Parham Road
Richmond, VA 23228

Ms. Gilvia Vonzella Wilson
436 Hoke Drive
Petersburg, VA 23805

              <u>/s/ Robert L. Flax</u>
                Robert L. Flax